Our next appeal for the morning is appeal number 22-1243, Webb v. McDonough. Ms. Neely, whenever you're ready. Mr. Webb was an Army infantry patrol leader in Vietnam, and his troops often came under attack, and he received two Bronze Stars for gallantry in Vietnam because of his actions. Among other things, he served as connected for diabetes, prostate cancer, and ED. His ED rating is a 0%, and he appealed that to the Veterans Court. But the court ruled that an analogous rating, when it was rated analogously, it required him to fit perfectly into the 7522 diagnostic criteria. And 4.20 says when a condition is not listed, it should be rated by analogy. And that analogy needs to be something that's closely related in location, function, and systems. The rating schedule didn't list ED at the time Mr. Webb was rated, but it listed penile deformity. So that's how they got 7522 to rate him, as an analogous rating. So they applied 4.20, and they rated him analogously to penile deformity. He has no deformity. If he had a deformity, he would fit perfectly under the rating criteria. So we have to rate him by analogy. So your argument, as I understand it, is that that can't possibly be correct, because otherwise he would have just sought to be rated under 4.20. I mean, not under the disability rating directly, as opposed to being analogously. Yes, Your Honor. I have a question. Did anybody ever look through, like the RO or the Board of the Veterans Court, did they ever do any sort of more thorough analysis or analysis at all of the Lindeman factors of closely analogous functions and anatomical localization and symptomatology? I didn't see where that had been done. I don't recall that that happened, Your Honor. So all the way through, through the Veterans Court, the BVA, and the RO, everyone just looked and saw whether there was penile deformity, found there was none, and then that was the end of the matter under the rating by analogy analysis? In this case. But the problem we've noticed is in the court, the Veterans Court, is using Stankovich for the proposition that when the VA rates by analogy, it's not required to exhibit all the criteria of the analogous rating. So some of the judges of the Veterans Court are using this and saying, we have to send it back because you didn't rate by analogy. You required the things that are in the rating code. So decisions like Ellis? I'm sorry? Decisions like Ellis? Yes. And then other judges, depending on what they are saying, no, you have to have all of them. So we have a split at the court, at the Veterans Court. I've never seen a rating by analogy case. Are they common? Yes, because there's – Is there anything in the manual that describes how a VA examiner should follow through on evaluating the lending factors and what degree that a claimant would nevertheless have to meet all of the criteria if you're given a rating to successfully be receiving benefits under a rating by analogy? I'm not sure what the manual says, Your Honor, but I can look that up and get back to you. I'll ask the government. Okay. To your knowledge, is then the real major source of law here the Regulation 4.20? Is that what we have in maybe some cases that expound upon the requirements there? Yes. So we're asking that the court apply the law in 4.20 and hold that a deformity is not necessary because if you do away with the analogy, then 4.20 has no meaning. And if we're rating strictly under the criteria, then there's no analogy. It's the thing. Looking at the regulation, I mean, do you think what's your argument for what's required? Would you say that the only thing that's required is that you show that there's analogous functions, analogous anatomical localization, and analogous symptomatology, and then once that's satisfied and any other requirements of the provision, the regulation's satisfied, that's it? You just rate based on whatever the disability criteria, not the criteria, but whatever that category is. So here it would be 20%. So we show you're analogous under the regulation, and therefore there's no further work to be done, and instead you just get 20%. Is that what your position is? Our position is the VA compensates for functional loss. So our analogy here is ED equals the deformity because that is the diagnosis, and then the symptom that they're trying to find common symptomology is the lack of or is the why can I think? So that's basically the inability to receive cabinet erection. There we go. I'm sorry. Do you think the code should be read as ED caused by penile deformity, or do you think that they're almost two independent issues? I think... One, penile deformity, two, lack of erection. We read it as penile deformity is the diagnosis, and then lack of erection is the symptom, lack of erectile power. And then ED takes the place of that diagnosis in the analogy, and then it looks at the symptoms to see if they have that. So you could have a penile deformity without the loss of power and then underneath the actual rating code, then you wouldn't get the 20%. You would get the 0%. Could they both be considered symptoms? In that part of the rating code, 4.115B, it talks about things under a diagnosis. 4.155A has just symptoms under that body system. So this 7522 is under 4.115B. I guess I'm wondering, under the Ledman factors, whether the VA could say, well, maybe you don't have to have both of these criteria of penile deformity and loss of erection power, but under the Ledman factors, you have to have something closely analogous to each of those. Would that be an incorrect understanding of the Ledman factors? The way Lindemann works, in my understanding, is it's a balancing test. They say, we need to rate you, because it's not listed, by something that's closely analogous. And they say, can we find something that's closely in the location of the body? Can we find something that's close in function? And we find something in symptoms. And then they try to figure out, what is the best fit under the listed criteria? It sounds like you're saying, and I'm sorry to interrupt you, but it sounds like you're saying, we need to rate you by analogy. But I thought that the regulation itself says it will be permissible to rate if certain conditions are satisfied. Yes, it says. So, in other words, it could be that somebody gets a rating of zero because there isn't an analogous provision to rate them under, right? I haven't seen that, Your Honor. Are you saying every unlisted condition has to go through a rating by analogy analysis? Yes. And then the VA is required under the rule to pick a listed condition as the deemed most closely analogous condition to the unlisted condition? Yes. Where does it say that? We read that at 4.20 combined with Lendeman. Combined with what? Lendeman. But Lendeman is simply expounding about 4.20. I mean, 4.20 is the regulation that addresses rating by analogy, right? Lendeman just interprets it. 4.20 doesn't say where there's an unlisted condition. The VA must do a rating by analogy and must consider the following factors. So maybe it's more permissive than mandatory, at least under the plain language of 4.20. Right. The only problem we have right now with that is, well, it's not the only problem, but the problem we have is that the Veterans Court, the decisions are coming out capriciously because we have one judge one day uses Stankovich and another judge another day doesn't. And so now you have two veterans with the same symptoms and the same condition and they're getting totally different answers. So what you're asking for this court to do is to say the regulation has to be satisfied. Yes, ma'am. And then once the regulation is satisfied, if it is, if you determine it's satisfied, then you shouldn't be imposing the criteria in the analogous rating that you're relying on. You shouldn't be imposing that criteria in order to prevent someone from receiving compensation, right? I mean, in other words, you determine whether the functions are effective, the anatomical localization and symptomatology are closely analogous. There's a couple other sentences in that regulation. If all of that is satisfied, the end, the veteran receives the benefits. It's analogous, right? Right. We're just asking them not to strictly apply the criteria to a condition that's not that condition. What about in this case? I mean, we can't say whether those conditions are satisfied because it doesn't appear to us as if anybody has actually analyzed, you know, the Lindeman factors here. So that's why we're asking the court to remand it back to the board for them to properly apply 4.20. Okay. All right. Thanks. Mr. Hunter? Please, the court. VA has never rated loss of erectile power alone for disability compensation. It's never done it. There's a very good reason for that because erectile power is not necessary for performance of daily job duties. The disability compensation system is meant to provide supplemental income to veterans who are suffering from service-connected impairments from their ability to work. And as is evident... Is it really just a work impairment issue when it comes to benefits? When it comes to disability compensation. Disability compensation, right. Well, I mean, the code that we're looking at, 7522, I don't see anything in that code that I would think is normally related to, you know, impairment of your ability to work. Well, it's an interesting question. The VA appears to agree with you now because in subsequent to this case, in November 2021, you now have a new diagnostic code that says... Well, the code was what it was. And it only said penile deformity and lack of erection power. And I don't think it could be credibly said that, you know, that kind of condition is directly related to the impairment of someone's ability to work. I think that's right, Your Honor. And I think that's what the VA's current judgment is. Okay. But that wasn't its prior judgment. So I guess my point to you is that I don't think we could look through the entire codes of the diagnostic code and conclude every single time every single one of these rated conditions is necessarily related to functional work impairment. So can you just move off of that for the time being and try to explain to us why the Lindemann factors were not being applied? Well, Your Honor, he was rated by analogy to this condition. Right, and when you do it rated by analogy, you're supposed to use the Lindemann factors, aren't you? Or are they just optional? They're just sort of like a freestyle thing that you don't really have to use? Well, I believe that there wasn't any contest as to whether this was the correct diagnostic code. All the parties agreed that this was the right diagnostic code to apply. So in other words, it's your view that there was a determination that regulation 4.20 was satisfied as regards whether the function affected anatomical localization in symptomatology are closely analogous? Well, it appears that that's what the VA did. The VA rated him by analogy here and then determined that he required that he was required to have both mandatory criteria but did not satisfy. Okay, so wait a second. It sounds like you are agreeing with Judge Stoll that all the Lindemann factors where we can infer have been satisfied here. And then if we were to conclude that that's actually all that is required to do a rated by analogy and you don't need to go further and then actually prove that the claimant has each of the criteria for the rating itself, then they should win. There's no remand. No, Your Honor. With respect to the selection of the criteria, yes, we all agree that that's the correct selection of the criteria. But rating by analogy, in almost every case, you do have to satisfy all of the criteria. What if we disagree with that? I mean, we haven't addressed this issue. This is an issue of first impression for us. So what if we disagree with you? If we look at the regulation, we don't see where it says that. Instead, it says that it's permissible to do it when, you know, dysfunction, localization, and symptomatology are closely analogous. And you're saying that's already satisfied. No, no. So maybe I misspoke or maybe what I'm saying is being misinterpreted. I apologize. I don't know. As you pointed out before, neither party has been able to show any evidence from the record about the linear factors being interpreted here by the board, and I can't speculate with you. There's certainly a very good argument. It certainly wouldn't be an arbitrary and capricious decision for the VA to say, well, this isn't close in symptomatology. We've got two criteria. You satisfy one. You're missing one of the key criteria. Anatomic localization does appear to be similar. But function, maybe yes, maybe no, depending on what the deformity is, what functions it might be tied to aside from loss of erectile power. I want to remind you they haven't done that yet. Or have they done that? Just a few minutes ago you said they'd already determined these factors. No, I did not mean to state that. What I'm saying is that the selection of the criteria was not in contest. I don't have evidence from the record regarding the interpretation of linear factors, just as the appellant did not either. What about the existence of prior cases? There are some prior cases where somebody presented with erectile dysfunction. They were rated analogously under this diagnostic code. Well, even this case, he was rated analogously under this diagnostic code but assigned a 0% rating for failure to satisfy the criteria. There are many different single-judge cases, it's true, and I agree with that. And some in which the person was rated under the diagnostic code and received compensation, right? I don't know that any of the cases they set up that they'll be able to speak about it. I don't believe that any of the cases reported the result. I will say that after review of their reply briefs and looking at them, those cases do support their position, the single-judge cases. They did say, yes, you can go down and see if you can rate by analogy this. I don't know that the briefs showed those cases' final result, were they compensated or not. I don't have that information. But there are single judges. The VA, as they say, we agree with their position that the Veterans Court has not spoken with one voice on this. And even the cases before you are a bit confusing, for instance. Is there something in the manual? There's clearly nothing in the regulation, but is there something in the manual that tells us that you have to satisfy the elements of 4.20 and you also have to satisfy all of the rating criteria to which you are analogizing to in order to get benefits under a rating by analogy? We searched for this, Your Honor, but no one found anything that would be helpful. At this point, all that we have from the government right now is you telling us that this is how rating by analogy works or ought to work. Well, I think there's also evidence from the plain language of the regulations we've already gone over, but also the regulatory scheme. Remember that rating by analogy is taking place against the backdrop of a comprehensive dictionary of diagnostic codes.  They represent the VA's considered judgment about all of these different types of impairing functions, and there are quite a few of them. But there's nothing in the statute that requires you to have analogous ratings. Is that right? No. I think the statute says that the schedule should be used as far as practical, and that is where 4.20 comes out. And so the VA, you know, has, in discretion, created this analogous rating scheme. And so it's given us what it could give us in terms of understanding how to follow an analogous ratings scheme through the content of 4.20. Yes, Your Honor. And 4.20 right now, I don't see anything in there that demands that we go through the entire rating criteria analysis as if the person was actually trying to apply for that very specific rating. Also, I just want to say your position doesn't make any sense because I don't know how. Please tell me how somebody would ever be successful in a rating by analogy if they have to actually satisfy the rating criteria. If they had to satisfy the rating criteria, they wouldn't have to rate by analogy. Well, for instance, we talked about some of these examples in preparing for this. There are many conditions which are not covered by the diagnostic code. One, for instance, that came up was chondromalacia patella. It's a particular knee condition. And that condition is not rated. Is it your brief? No, no, no. I mean, that's one thing that I found confusing is I didn't see in your brief some examples of how it's actually populates. Understood, Your Honor. I can present one now. And so the way this chondromalacia patella condition is rated is it ends up rated by analogy because there is no diagnostic code coverage for it. And so they rate it under conditions that deal with the flexion and extension of the knee. And so the veteran still satisfies all of the criteria, still has to satisfy the criteria in order to qualify for the disability compensation rating. So the cases where a veteran would not satisfy every criteria must, by definition, be extremely unique and rare. Like, for instance, the Stankiewicz case that the party is banging about in the briefs. This is a very strange case where the person had an undiagnosable illness. No medical professional could figure out what this cluster of symptoms, what condition it actually was tied to. And so what they did was they said, Well, everyone agrees that it's service-connected, so rate them by analogy. And then the particulars of that case were that the VA said, Well, this diagnostic criteria requires a diagnosis of arthritis, and we can't diagnose them with arthritis. So the VA said, Well, that's error because if he has an undiagnosable condition and you need a diagnosis, perhaps here would be a place where he doesn't meet a single criteria. But those cases have to be rare, otherwise it's going to blow a hole in the side of the diagnostic criteria because every veteran can come up with a garden-variety diagnosis of a very common illness like erectile dysfunction and say, Well, you have to cover it now. Even though your judgment is you don't cover it, you now have to cover it because it's here. Nobody said you have to cover it, but the argument is you have to apply the elements of 4.20. That's all. And if it meets all the criteria of 4.20, then they get to succeed in an analogous rating. And that's the setup that VA chose when it wrote the rule the way it wrote it. Yes, General. Of course, there's an argument here that they didn't satisfy 4.20 at all, but, again, we don't have the evidence of the liniment factor application before you. Do you think penile deformity would be something that would be analyzed under functions affected or symptomatology? I'm not a medical professional, so I can't speak to that. I can't exclude the possibility that it also includes functions. But because I'm not a doctor, I couldn't tell you for sure. But whether it would be analyzed under just symptoms or just function, you could imagine functions that are not just erectile power, but which a penile deformity could impair, for instance, the penises used to urinate. Do you have any other arguments for why it is that we shouldn't just interpret Section 4.20 as it's written, which is to say that once you satisfy these requirements, then you just rate by analogy? That may be right, Your Honor, but satisfying does not necessarily... Once you rate by analogy, you then have to go through the rating of the criteria to rate by... I know. I'm having a hard time understanding your legal basis for saying that you have to go through the criteria. Because when the criteria is applied... Sorry, but when reading by... The analogy is made to a particular diagnostic criteria. It does not... 4.20 does not require the VA to cast aside or permit a veteran to discard any criteria the veteran doesn't satisfy. I can leave the balance of my time. I'll just leave with one point that I mentioned before. Are there actual examples of the VA granting compensation under rating by analogy that you're aware of? I know you have this knee condition hypothetical, but I guess what I'm wondering is, number one, how common are these types of ratings granted? And number two, can you give me some examples of what they actually look like? Well, as I said, Your Honor, the Stankiewicz case is a paradigm example of where you have a case of a veteran who has an undiagnosable condition. But by nature, they should be rare because the comprehensive diagnostic codes should be covered. In that case, Stankiewicz, the rating occurred without satisfaction of all the rating criteria. That's correct, Your Honor. Of the authorized... I understand that you're saying that shouldn't happen in this case, but I think all of the arguments you're making here could be satisfied in looking at whether the symptomatology or one of the other criteria of the Lindemann factors is satisfied or not. Functionality and symptomatology, right? Understood, Your Honor. I'll just simply make one more point, which is that there is no doubt that the VA considered the symptom of loss of erectile power and erectile dysfunction and made a considered judgment about whether it's covered for disability or not. And instead what it did, instead of ever covering it for disability compensation, it tied it and married it to another mandatory criteria in the presence of a penile deformity. And so to allow a rating by analogy to skip over, that judgment of the VA removes its policy discretion given to it under 38 U.F.C. 1155 to state and apply or to create and apply a schedule of ratings. You're not making an hour deference argument about how we should read 4.20 to include certain requirements. I'm not making an hour deference argument, Your Honor. Certainly not. And just quickly, is it your understanding that whenever there's an unlisted condition for which someone is applying for compensation, the VA must always try to do a rating by analogy analysis? It appears that 4.20 is a permissive language, but looking at the decision here in full candor, it does appear that's how the Veterans Court expected to top it, even in this decision of denying Mr. Williams' claim. So is that the way the VA actually does it, that it always conducts a rating by analogy analysis? I can't speak to how the VA always does it, but I believe it has the permission to not do it, but it does appear that the Veterans Court said, in the second line of the decision, states that this was an unlisted condition, so therefore they rated by analogy. They took for granted that that was the case. Thank you. Your Honors, the VA rates... It compensates for the functional loss, and that's under Saunders, and it says they have to compensate for this functional loss. Here, Mr. Webb has a functional loss. He can't have an erection. And the ED took the place of the deformity because it's under a diagnosis. So he meets the factors because it's by analogy. Otherwise, it doesn't make any sense. So we just ask the court to hold that Mr. Webb does not require deformity, and he's not necessarily to get the 20%. And I will leave you... We're only... In the alternative, you want us to vacate an e-mail for the board in the first instance to conduct the Lindemann factors, to make these kinds of determinations. To properly apply 4.20. And I will actually leave you with... I totally lost it. In the conclusion of Williams, the Veterans Court actually said... It warned that if the VA, when it sent it back down, found that Mr. Williams did not have an internal deformity, then they had to reconcile how they were rating by analogy and requiring a perfect width, how they were requiring a perfect fit under the diagnostic. So barring your further questions... Okay. Thanks very much. Thank you. Case is submitted.